[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #123
On November 16, 2000, the plaintiff; Bruce Waller, filed a motion for CT Page 4764 summary judgment in this collection action on the ground that he is entitled to judgment as a matter of law because he is a holder in due course of an overdue promissory note for which the defendants, Bluewater (MB) Limited Partnership (Bluewater), Talon Group, Inc., Bluewater Management Corp., Frank D. Palmer and Gilbert J. deBottom (collectively, the defendants), are liable, either directly or as guarantors. In opposition, the defendants argue that there are genuine issues of material fact in dispute, including: (1) whether the plaintiff as the payee of the promissory note is a holder in due course; (2) whether the plaintiff's execution of a pledge and security agreement prevents him from demanding payment; and (3) whether the plaintiff's refusal, as a limited partner of Bluewater, to consent to additional financing prevents him from demanding payment on the note. The parties have filed memoranda of law, documentary exhibits and affidavits in support of their respective positions.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In an affidavit submitted in support of his motion for summary judgment, the plaintiff attests that on or about April 16, 1998, in exchange for a $300,000 loan made by the plaintiff to Bluewater, Bluewater executed a promissory note payable to the plaintiff. (Plaintiff's Affidavit #125, ¶¶ 4, 5.) The plaintiff attests that on the same date, on or about April 16, 1998, the plaintiff became a limited partner of the defendant Bluewater, holding a 40% interest in the company. (Plaintiff's Affidavit #125, ¶¶ 13, 14.) The plaintiff further attests that on or about August 14, 1998, the plaintiff entered into a pledge and security agreement (pledge) with Amresco Commercial Finance, Inc. (Amresco),[1] a company that had agreed to loan an amount exceeding eleven million dollars to Bluewater. (Plaintiff's Affidavit #125, ¶ 18) Finally, the plaintiff attests that by executing the pledge, the plaintiff did not transfer any portion of his personal interest in the promissory note to Amresco but rather, the plaintiff granted Amresco a lien and an interest in the plaintiff's partnership CT Page 4765 interest in Bluewater. (Plaintiff's Affidavit #125, ¶¶ 20; see also Plaintiff's Exh. E.)
The defendants, in turn, assert that as part of the consideration for the plaintiff's $300,000 loan which is reflected in the promissory note, the plaintiff was made a 40% limited partner of Bluewater. (Defendants' memorandum, Exh. C: Palmer Affidavit ¶ 2.) The defendants assert that Bluewater financed a development project with a loan from Amresco. (Defendants' memorandum, Exh. C: Palmer Affidavit ¶ 4.) The defendants contend, however, that in connection with and as security for the loan from Amresco, the plaintiff, as a limited partner of Bluewater, assigned, transferred, pledged and conveyed to Amresco all of the plaintiff's rights, title and interest in the promissory note underlying the $300,000 loan. (Defendants' memorandum, Exh. C: Palmer Affidavit ¶ 5; see also Plaintiff's Exh. E.) Thus, the defendants argue that the language of the pledge instrument encompasses the promissory note and, at the very least, creates a question of fact as to whether the promissory note was pledged to Amresco as collateral.[2]
"The general rules of contract construction apply when construing a pledge agreement." Shawmut Bank Connecticut v. Connecticut LimousineService, Inc., 40 Conn. App. 268, 275, 670 A.2d 880, cert. denied,236 Conn. 915, 673 A.2d 1143 (1996). If a contract is clear and unambiguous, the parties' intent is a question of law and is determined by the contract language itself without reference to extrinsic evidence.Talimadge Bros., Inc. v. Iroquois Gas Transmission System, 252 Conn. 479,495, 746 A.2d 1277 (2000). If a contract is ambiguous, however, the intent of the parties is a question of fact. Id; see also 11 S. Williston, Contracts (4th Ed. 1999) § 30:6, pp. 77-83 ("[t]he interpretation and construction of a written contract present only questions of law, within the province of the court . . . so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face").
This court finds that the plaintiff's pledge to Amresco is ambiguous as to whether it encompasses and transfers the plaintiff's interest in the promissory note. Consequently, the court finds that a genuine issue of material fact is in dispute regarding the plaintiff's right to enforce the promissory note against the defendants. Additionally, the court notes that summary judgment is "ill adapted to cases of a complex nature . . . which often need the full exploration of trial." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596 (1969). See also Miller v. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995) (summary judgment is ill suited to the disposal of complex cases); Fiaschetti v. Nash Engineering Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 115194 (May 5, CT Page 4766 1999, Karazin, J.) (24 Conn.L.Rptr. 443) (same); Rafli v. Stumpf,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 155927, (February 9, 1998, Lewis, J.) (finding case complex and inappropriate for summary adjudication where parties filed voluminous memoranda and documentary evidence). Accordingly, the court hereby denies the plaintiff's motion for summary judgment.
MINTZ, J.